UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTEZ DAUNDRE JONES,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>LABOR WORKS INDUSTRIAL STAFFING,<br><br>　　　　　　　Defendant. | Case No. C23-1233-JHC<br><br>ORDER |

   Having reviewed Plaintiff Cortez Daundre Jones's application to proceed in forma pauperis ("IFP"), Dkt. # 1, the Report and Recommendation of the Honorable Michelle L. Peterson, United States Magistrate Judge, Dkt. # 4, Plaintiff's Objection, Dkt. # 5, and the balance of the record and applicable law, the Court ORDERS:

   (1)   The Objection is noted for September 15, 2023, but the Court may now rule on it, as the Court has received Plaintiff's Objection and the deadline to object has passed.

   (2)   Based on Plaintiff's representations regarding his financial status in his IFP application, Judge Peterson recommended denying the application. The Objection raises more questions than it answers. First, it indicates that the IFP application has been "edited." But the

ORDER - 1

record includes no revised application.  Second, in an apparent effort to explain his prior representations, Plaintiff states in his Objection:

> All IFP have been edited to explain the income reported was in fact income that was not reported via taxes and income from investments that have not been made available to spend.  The issue at hand is that even though I have made money on investment not all of the funds were made available after the account was closed and Fidelity Investments did not provide a proper fraud investigation after reports that my earnings were not accessible.  The account is nullified to prove income so therefore the proof of income is just proof that Fidelity states I made the income however I could not access my earnings.

The information in the Objection had not been previously provided to Judge Peterson.  The statements therein are confusing and difficult to reconcile with Plaintiff's prior statements (and uncorroborated by any supporting documentation).  For example, they do not appear to address Plaintiff's representation regarding his employment.  If the income from employment is "income that was not reported via taxes," this still does not explain why Plaintiff would not have access to such funds.  Nor does the Objection address his prior representation regarding receipt of $32,000 in disability, workers compensation, or public assistance.  Nor does it explain why, if "not all of the funds were made available," the rest did not suffice to pay for the filing fee.  Accordingly, the Court ADOPTS the Report and Recommendation.

(3) Plaintiff's IFP application is DENIED.  Plaintiff is directed to pay the $402.00 filing fee, or submit a corrected IFP application, within **thirty (30) days** of this Order. If Plaintiff fails to do so, the Clerk is directed to dismiss this action without prejudice.

(4) The Clerk is directed to send copies of this Order to Plaintiff and to Judge Peterson.

Dated this 7th day of September, 2023

*John H. Chun*
JOHN H. CHUN
United States District Judge

ORDER - 2